UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tamika Williams, <br><br>　　　　Plaintiff, <br><br>v. <br><br>Illinois Department of Human Services, <br><br>　　　　Defendant. | No. 24-cv-3631 <br><br>Honorable Jeremy C. Daniel |

**DEFENDANT'S ANSWER, JURY DEMAND, AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Illinois Department of Human Services ("Defendant" or "IDHS"), by and through its attorney, Kwame Raoul, Attorney General of the State of Illinois, submits its answer, jury demand, and affirmative defenses to Plaintiff's amended complaint

**JURISDICTION & VENUE**

1.　　This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq. and 28 U.S.C. § 1331.

**RESPONSE: Defendant admits that Plaintiff brings this action under Title VII. Defendant denies the remaining allegations set forth in Paragraph 1 and denies violating Plaintiff's rights in any way.**

2.　　Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and is employed by Defendant in this District

**RESPONSE: Defendant admits that Defendant resides in this District, that the alleged events or omissions giving rise to the purported claims occurred in this District, that Plaintiff was hired and is employed by Defendant, and that venue is proper in this Court.**

**Defendant denies the remaining allegations set forth in Paragraph No. 2.**

## PARTIES

3. Plaintiff, TAMIKA WILLIAMS ("Plaintiff"), was at all times relevant to this suit an adult African-American female residing in Glen Ellyn, Illinois. At all times relevant, Plaintiff was employed by Defendant Illinois Department of Human Services in this District. Plaintiff was hired, employed, and harmed by Defendant in this District.

**RESPONSE: Defendant admits that Plaintiff is an adult African-American female residing in Glen Ellyn, Illinois, and was hired and employed by Defendant. Defendant denies that Defendant harmed Plaintiff and denies the remaining allegations set forth in Paragraph No. 3.**

4. Defendant, Illinois Department of Human Services ("Defendant IDHS"), is an Illinois State Department Entity duly organized and doing business in Illinois, located at 401 South Clinton Street, Chicago, IL 60607. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

**RESPONSE: Defendant admits that it is an entity of the State of Illinois, with its primary office at 401 South Clinton Street, Chicago, Illinois 60607, that Defendant hired and employed Plaintiff, and that Defendant employs at least 15 full-time employees, and is a covered employer under Title VII. Defendant denies the remaining allegations set forth in Paragraph No. 4.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On June 9, 2021, Plaintiff timely filed a Charge of Discrimination alleging race and sex discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No.

440-2021-03043.

**RESPONSE: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC on June 9, 2021. Defendant denies the remaining allegations set forth in Paragraph No. 5.**

6. Then, on March 21, 2023, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2023-04496.

**RESPONSE: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC on March 21, 2023, alleging race discrimination and retaliation. Defendant denies the remaining allegations set forth in Paragraph No. 6.**

7. On February 7, 2024, the U.S. Department of Justice Civil Rights Division issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2023-04496.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 7.**

8. Further, on May 3, 2024, the U.S. Department of Justice Civil Rights Division issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2021-03043.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 8.**

9. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 9.**

## UNDERLYING FACTS COMMON TO ALL COUNTS

10. Plaintiff's race is African-American.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 10.**

11. Plaintiff's sex is female.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 11.**

12. On or about July 1, 2007, Plaintiff was hired as a Human Service Caseworker by Defendant IDHS.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 12.**

13. In March of 2017, Plaintiff was promoted to a temporary assignment as a Public Service Administrator, Chief of Staff for Defendant's Department of Children and Family Services ("DCFS"). She served in that temporary role until August of 2017.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 13.**

14. On August 1, 2018, Plaintiff was promoted to a permanent position as Community Support Services Consultant for DCFS. She served in that role until she was promoted to Defendant's Contracting and Administration Department.

**RESPONSE: Defendant denies the allegations set forth in Paragraph 14.**

15. Thus, on or about June 1, 2020, Plaintiff was promoted to Defendant IDHS's Contracting and Administration Department in the role of Public Service Administrator, Fiscal Administrative Compliance Supervisor, Northern Region.

**RESPONSE: Defendant admits that Plaintiff was promoted to Public Service Administrator, Fiscal Administrative Compliance Supervisor, Northern Region. Defendant denies the remaining allegations set forth in Paragraph No. 15.**

16. Up to that point, from the time Plaintiff was originally hired by Defendant IDHS, Plaintiff had received favorable performance reviews and had not been the subject of any disciplinary actions taken by Defendant.

**RESPONSE: Defendant admits that Plaintiff had not been subject to disciplinary action prior to June 1, 2020. Defendant denies the remaining allegations set forth in Paragraph No. 16.**

17. Plaintiff is qualified to perform her job and has always satisfactorily performed her

4

duties and responsibilities within Defendant's legitimate expectations.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 17.**

18. However, immediately after being promoted to Defendant's Contracting and Administration Department, Plaintiff was met with disparate treatment and harassment due to her race, African-American, and sex, female.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 18.**

19. At all times relevant to this Complaint, Nick Masters (White, Male) also served as a Public Service Administrator, Fiscal Administrative Compliance Supervisor for Defendant IDHS's Contracting and Administration Department; he covered the Southern Region and Plaintiff, the Northern Region.

**RESPONSE: Defendant admits the allegations set forth in Paragraph 19 with the correction of the spelling of "Masters" to "Marsters."**

20. Plaintiff noticed the disparate treatment and harassment she received in comparison to her White Male counterpart, Nick Masters.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 20.**

21. Plaintiff was discriminated against and harassed by Director Brian Bond (White, Male), Chief Accountability Officer, Gary Kramer (White, Male), and even her counterpart, Nick Masters (White, Male). She was discriminated against, harassed and bullied by these individuals through text messages, emails, and WebEx meetings. Further, Plaintiff has been denied access to programs required to perform her job; she has also been denied access to essential training to carry out her job duties and responsibilities. The aforementioned individuals also made negative comments about Plaintiff to other employees, including Plaintiff's subordinates.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 21.**

22. As a result, as early as July 2020, one month following her promotion to the new

Department, she began filing grievances and complaints of discrimination and harassment, alleging race and sex discrimination and ultimately retaliation, as unfortunately, in retaliation, the discrimination increased.

**RESPONSE: Defendant denies discriminating, harassing, or retaliating against Plaintiff in any manner. Defendant denies the allegations set forth in Paragraph No. 22.**

23. Specifically, Plaintiff filed grievances with her Union, complaints with Defendant's Office of Civil Affairs, and the Office of Executive Inspector General ("OEIG"), to no avail.

**RESPONSE: Defendant admits that Plaintiff filed complaints with the Office of Civil Affairs, made grievances through her union, and complained to the OEIG. Defendant denies the remaining allegations set forth in Paragraph No. 23.**

24. Unfortunately, the discrimination and harassment continued and increased.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 24**

25. On or about October 21, 2020, in a meeting held with Plaintiff, Director, Brian Bond, and Chief Accountability Officer, Gary Kramer, explicitly told Plaintiff they did not want her in the Public Service Administrator position; that she did not deserve to be there; and to go back to where she came from.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 25.**

26. Eventually, on June 9, 2021, after realizing her grievances and complaints were being ignored, Plaintiff filed a Charge of Discrimination with the EEOC, alleging race and sex discrimination (EEOC Charge No. 440-2021-03043).

**RESPONSE: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC, Charge No. 440-2021-03043. Defendant denies the remaining allegations set forth in Paragraph No. 26.**

27. However, in retaliation, the disparate treatment and harassment increased,

including unwarranted and unjustified disciplinary actions, including poor and false performance reviews, write-ups, and even suspensions.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 27.**

28. As a result, Plaintiff was forced to take a leave of absence from approximately August 1, 2021 to January 1, 2022, due to the stress from hostile work environment created against her.

**RESPONSE: Defendant admits that Plaintiff took a leave of absence from August 1, 2021, through January 1, 2022. Defendant denies that Plaintiff was subjected to a hostile work environment and denies the remaining allegations set forth in Paragraph No. 28.**

29. Shortly after her return, on or about January 14, 2022, in furtherance of the retaliation, Plaintiff was physically cornered and verbally attacked by Bureau Chief, Ekerete Akpan (African, Male). Plaintiff immediately filed a workplace violence claim with the Office of Security in Emergency Preparedness.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 29.**

30. Further, on March 21, 2023, because the discrimination, harassment, and retaliation continued to increase, Plaintiff filed a second EEOC Charge of Discrimination, alleging race discrimination and retaliation (EEOC Charge No. 440-2023-04496).

**RESPONSE: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC, Charge No. 440-2023-04496. Defendant denies the remaining allegations set forth in Paragraph No. 30.**

31. Therefore, because of Plaintiff's race, she was subjected to disparate treatment, discrimination and harassment by Defendant.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 31.**

32. Further, because Plaintiff reported discrimination, exercising a right and protected

activity, she was subjected to escalated disparate treatment, harassment, and ultimately disciplined by Defendant, including suspensions.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 32.**

## COUNT I – RACE DISCRIMINATION

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

33. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**RESPONSE: Defendant incorporates and re-alleges its responses to all other paragraphs of Plaintiff's Complaint as if they were fully stated herein.**

34. Plaintiff, an African-American, is a member of a protected class.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 34.**

35. Plaintiff was qualified to perform her job and has satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

**RESPONSE: Defendant denies the allegations set forth in paragraph No. 35.**

36. Plaintiff apprised Defendant of her race, African-American.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 36.**

37. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same and would not have done so had Plaintiff not been African-American and everything else having been the same.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 37.**

38. White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination

directly impacted Plaintiff's terms and conditions of employment with Defendant.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 38.**

39. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 39.**

40. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 40.**

WHEREFORE, Plaintiff, TAMIKA WILLIAMS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

    A.    Declare, decree, and adjudge that Defendant violated Title VII;

    B.    Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

    C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

    D.    Order Defendant to pay the Plaintiff compensatory damages;

    E.    Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

    F.    Award the Plaintiff her reasonable attorney's fees and costs; and

    G.    Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE: Defendant denies that Plaintiff suffered any damages or violation of her rights; therefore, Defendant denies that Plaintiff is entitled to any relief in this matter.**

## COUNT II – SEX DISCRIMINATION

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

41. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**RESPONSE: Defendant incorporates and re-alleges its responses to all other paragraphs of Plaintiff's Complaint as if they were fully stated herein.**

42. Plaintiff, as a Female, is a member of a protected class.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 42.**

43. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 43.**

44. Defendant was aware that Plaintiff is a Female.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 44.**

45. Defendant discriminated against Plaintiff because she is a Female by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same and would not have done so had Plaintiff been a Male and everything else having been the same.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 45.**

46. Male employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 46.**

47. Plaintiff's sex was a substantial and motivating factor in Defendant's decision to

discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's sex.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 47.**

48. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 48.**

WHEREFORE, Plaintiff, TAMIKA WILLIAMS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

    A.    Declare, decree, and adjudge that Defendant violated Title VII;

    B.    Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

    C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

    D.    Order Defendant to pay the Plaintiff compensatory damages;

    E.    Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

    F.    Award the Plaintiff her reasonable attorney's fees and costs; and

    G.    Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE: Defendant denies that Plaintiff suffered any damages or violation of her rights; therefore, Defendant denies that Plaintiff is entitled to any relief in this matter.**

**COUNT III – RETALIATION**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

49. Plaintiff realleges and incorporates by reference and all facts and allegations in all

other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**RESPONSE: Defendant incorporates and re-alleges its responses to all other paragraphs of Plaintiff's Complaint as if they were fully stated herein.**

50. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 50.**

51. Plaintiff (African-American) is a member of a protected class under Title VII.

**RESPONSE: Defendant admits the allegations set forth in Paragraph No. 51.**

52. Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 52.**

53. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including suspending her due to discriminatory and retaliatory reasons.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 53.**

54. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported discrimination.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 54.**

55. Defendant would not have retaliated against Plaintiff had she not reported the discrimination. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 55.**

56. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 56.**

57. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

**RESPONSE: Defendant denies the allegations set forth in Paragraph No. 57, and further denies that Plaintiff is entitled to any relief whatsoever.**

WHEREFORE, Plaintiff, TAMIKA WILLIAMS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

 A. Declare, decree, and adjudge that Defendant violated Title VII;

 B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

 C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

 D. Order Defendant to pay the Plaintiff compensatory damages;

 E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

 F. Award the Plaintiff her reasonable attorney's fees and costs; and

 G. Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE: Defendant denies that Plaintiff suffered any damages or violation of her rights; therefore, Defendant denies that Plaintiff is entitled to any relief in this matter.**

**DEFENDANT'S JURY DEMAND**

Defendant demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

**AFFIRMATIVE DEFENSES**

1. Defendant had legitimate, non-discriminatory reasons for all employment decisions concerning Plaintiff.

2. Plaintiff's hostile work environment claims are barred under the doctrine of laches due to her unreasonable delay bringing those claims.

3. Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies.

4. Plaintiff's claims are barred to the extent she failed to file a charge with the Equal Employment Opportunity Commission within 300 days of the alleged discriminatory or retaliatory actions.

5. Plaintiff's hostile work environment claims are barred because Defendant exercised reasonable care to prevent and correct any allegedly harassing conduct and because Plaintiff unreasonably failed to take advantage of any opportunities provided by Defendant to prevent or correct harassment or otherwise avoid harm.

6. Even if Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment actions—which Defendant expressly denies—the same alleged actions would have been taken even absent such motivation.

7. Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

Jun 28, 2024

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: */s/ Erin M. Petrolis*
Erin M. Petrolis
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
Government Representation Division
115 S. LaSalle Street
Chicago, IL 60603
773-590-7092 (cell)
*erin.petrolis@ilag.gov*